# FISHMAN & NEIL, LLP
### ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman

Laurence H. Pearson
William Leavitt
*Kevin Mallon
Of Counsel
*Also admitted in CA

*MEMO ENDORSED*

July 3, 2007

Hon. Richard M. Berman
United States District Judge
United States Courthouse
500 Pearl St., Room 630
New York, NY 10007-1312

**VIA FIST CLASS MAIL**

Re: Palmer v. Account Control Technology, Inc.
SDNY Case No. 07 CV 4056

Dear Judge Berman:

As counsel for the plaintiff in the above-referenced matter I received an Order of Discontinuance yesterday via ECF. The Order provided that the case was Discontinued due to the plaintiff's failure to appear at the initial conference on July 2, 2007.

This letter is a request that the action be restored to the calender. Good cause exists to restore this case to the calender because neither myself or anyone in my firm ever received any notice that an initial conference had been scheduled in this case. Upon receiving the Order of Discontinuance yesterday I reviewed the docket history on ECF and could not locate any notice of the scheduled conference. We also did not receive any notice via the mail of the scheduled conference.

The plaintiff has every intention of fully prosecuting this action. This case was filed on May 23, 2007. On that same date plaintiff's counsel sent the attached letter to defendant requesting a Waiver of Service pursuant to Rule 4. On June 21, 2007 counsel for defendant sent the attached correspondence and executed Waiver of Service form back to the plaintiff's counsel. Counsel for plaintiff anticipated contacting defense counsel to make an early settlement offer and conduct a Rule 26(f) conference early next week.



Stamps: RECEIVED JUL 09 2007 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

Endorsement: 7/18/07 @ 10:00 A.M. — FINAL

SO ORDERED:
Date: [signed] Richard M. Berman
Richard M. Berman, U.S.D.J.

07 CV 4056



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/07

Letter to Judge Berman
Palmer v. ACT
Page Two

      Accordingly, the plaintiff requests that this case be restored to the active calender, and is willing to perform whatever tasks the court requires to that effect.

                                 Respectfully submitted,

                                 Kevin Mallon
                                 Counsel for Plaintiff Andrew Palmer

cc:     Emily Hayes
        Counsel for Defendant

# FISHMAN & NEIL, LLP
### ATTORNEYS AT LAW

305 BROADWAY
SUITE 900
NEW YORK, NY 10007-1187

(212) 897-5840
Telecopier: (212) 897-5841
Web pages:
www.tenantslaw.net
www.consumeratty.net
www.MyFairCredit.com

James B. Fishman

Laurence H. Pearson
William Leavitt
*Kevin Mallon
Of Counsel
*Also admitted in CA

May 23, 2006

General Counsel
ACCOUNT CONTROL TECHNOLOGY, INC.
6918 Owensmouth Ave.
Canoga Park, CA 91303

    Re:    Palmer v. Account Control Technology, Inc.
              SDNY Case No. 07 CV 4056

Dear Sir or Madam:

        A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 07 CV 4056.

        This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the costs of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of this waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for your records.

        If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

        If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require you (or the party on whose behalf

1

you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of summons, which is set forth at the bottom of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff on this 23rd day of May, 2007.

                  Sincerely,

                    Kevin Mallon

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000   Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

**Emily Hayes**
Emily.Hayes@WilsonElser.com

June 21, 2007

Kevin Mallon, Esq.
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007

Re:   Palmer v. Account Control Technology, Inc., 07 Civ. 4056 (RMB)
      Our File No.   :   08379.00066

Dear Mr. Mallon:

We represent defendant Account Control Technology, Inc. in the referenced proceeding. Enclosed is a signed waiver of service.

Please contact me if you have any questions.

Very truly yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Emily Hayes

Enclosure

1594917.1

06/07/2007 11:16 FAX  8019376715          THE BUCKNER COMPANY                              ☐014/038
May 29 07 11:17a    Account Control Technolog              8187030795                      p.4

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Kevin Mallon, Fishman & Neil, LLP, 305 Broadway, Suite 900 New York, NY 10007
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, ACCOUNT CONTROL TECHNOLOGIES, INC., acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Palmer v. Account Control Technologies, Inc.
(CAPTION ACTION)

which is case number 07 CV 4056 in the United States District Court
(DOCKET NUMBER)

for the District of Southern New York.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 23, 2007
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

6/21/07                      _Emily A Hayes_ (signature)
(DATE)                       (SIGNATURE)

Printed/Typed Name: Emily A Hayes

As  Attorney        of  Account Control Technologies
   (TITLE)             (CORPORATE DEFENDANT)

### Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by Judy Daniels using Omniform.